ENTERED
JAN 25 1993
ORDER BOOK
NO 107 PAGE 126

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BLUESTONE COAL COMPANY, a West
Virginia Corporation,

    Plaintiff,

v.                              Civil Action No. 5:90-1146

KENNY B. DOWELL, a Florida
resident, and

JOSEPH P. CONNORS, SR., PAUL R.
DEAN, WILLIAM MILLER, DONALD E.
PIERCE, JR., and THOMAS H. SAGGAU,
as Trustees of the 1974 Pension Plan,

    Defendants.

## ORDER

This matter is before the Court via the Findings and Recommendation of the Honorable Charles T. Cunningham made pursuant to 28 U.S.C. §636(b)(1). In the instant action, Defendants have filed an objection to the Magistrate's Findings and Recommendation that Defendants' Motion to Dismiss should be denied.

The substance of Plaintiff's complaint is that the Trustees of the UMWA 1974 Pension Trust ("Trustees") have improperly awarded pension benefits to one of Plaintiff's employees, Kenny B. Dowell. Defendants' main objection to the Magistrate's Findings and Recommendation concerns the Magistrate's conclusion "that the 'incorporation' of the 'pension fund agreements' by Article XX of the National Bituminous Coal Wage Agreement ("NBCWA") has imposed duties on the Trustees under the NBCWA and that the Court,

therefore, has jurisdiction under Section 301 of the LMRA to determine the merits of this case." <u>Defendants' Objections to the Magistrate's proposed Findings and Recommendation</u> at 1-2.

The Magistrate relied on <u>International Union, UMWA v. Eastover Mining Company</u>, 623 F. Supp. 1141 (W.D.Va. 1985) to reach the conclusion that jurisdiction exists under Section 301. Specifically, the Magistrate held that, in light of <u>Eastover Mining</u>, jurisdiction under § 301 "was appropriate based on the violation of the labor contract, either as it effected the parties to the contract, or individuals who had rights or duties stated in the terms and conditions of the contract." Op. at 3.

However, the precedential value of this case has recently been diminished by <u>International Union, UMWA v. Covenant Coal Corporation</u>, 759 F. Supp. 1204 (W.D.Va. 1991), <u>aff'd</u>, 977 F.2d 895 (4th Cir. 1992). In that case, the District Court held:

> [F]inding neither the express language nor the legislative history of §301 indicative of congressional intention to create a reservoir of jurisdiction enabling federal courts to remedy inequitable conduct by persons who are not party to a labor contract, this Court respectfully declines to follow <u>Eastover Mining</u>.

<u>Covenant</u>, 759 F. Supp. 1204, 1206 (W.D.Va. 1991)

Furthermore, the Fourth Circuit has registered its disagreement with <u>Eastover</u>, "One district court has found that § 301 properly encompasses tortious interference claims. <u>See</u> <u>International Union, UMWA v. Eastover Mining Company</u>, 623 F. Supp. 1141 (W.D.Va. 1985). For the reasons outlined above, we reject this holding as inconsistent with the language of § 301." <u>International Union, UMWA v. Covenant Coal Corporation</u>, 977 F.2d

2

895, 899 n.4 (4th Cir. 1992). More importantly, the Court stated that "[b]ecause Covenant was not a party to any agreement with the Union, it cannot be sued under the jurisdiction established by section 301." Id. at 899.

The Court agrees with Defendants that, as a matter of law, the NBCWA cannot impose any duties upon the Trustees in their capacity as trustees of the pension and benefit trusts. See Lewis v. Benedict Coal Co., 361 U.S. 459 (1960). The Trustees are third-party beneficiaries of the NBCWA. Id.

It is the Court's opinion that simply because the labor contract between the UMWA and Bluestone incorporates the pension and benefit plans and trusts that this does not result in the Trustees being a party to the contract and consequently, within the jurisdiction of Section 301 of the LMRA. The Trustees, as third-party beneficiaries, have made no promises to Bluestone by virtue of the incorporation of the pension fund agreements into the NBCWA. Therefore, it is axiomatic that the Trustees cannot breach any promises to Bluestone because it has made no promises to Bluestone. Id. at 467. Thus, the terms of the NBCWA are not enforceable against the Trustees. See Sinai Hosp. of Baltimore v. Nat Ben. Fund, etc., 697 F.2d 562, 568 (4th Cir. 1982).

Additionally, the United States Supreme Court has held that employers are foreclosed from challenging the administrative decisions of the employee welfare and benefit plan trustees. NLRB v. Amax Coal Co., 453 U.S. 322 (1981). Lastly, to hold that the Trustees are subject to lawsuits brought by contributing employers,

3

pursuant to LMRA § 301, would be contrary to precedent and therefore, counter to national labor policy. See <u>Textile Workers Union v. Lincoln Mills of Alabama</u>, 353 U.S. 448, 456-57.

Accordingly, **IT IS ORDERED** that the Magistrate's Findings and Recommendation **NOT BE ADOPTED** by this Court. Instead, this Court finds that Plaintiff does not state a claim upon which relief may be granted. Hence, **IT IS ORDERED** that Defendants' Motion to Dismiss be **GRANTED**.

All matters herein being concluded, the Clerk is directed to remove this matter from the active docket of this Court. The Clerk is further directed to send a certified copy of this Order to counsel of record.

IT IS SO ORDERED this 25th day of January, 1993.

ENTER:

ELIZABETH V. HALLANAN
United States District Judge